**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

NINGBO BONNY E-HOME CO., LTD.,    )
                                   )
                  Plaintiff,      )    2:24-cv-00568-CB
                                   )
        v.                  )    Judge Cathy Bissoon
                                   )
ONDWAY, *et al.*,               )
                                   )
                Defendants.    )

**<u>ORDER</u>**

      Plaintiff's "ex parte" Motions will be denied without prejudice, with instructions.

      As an initial matter, counsel's reference to ex parte is somewhat ill-fitting, given that the case is unsealed. All docket filings here are part of the public record, and may be seen by Defendants or anyone else who may be inclined to look. *See generally* Maxson v. Mosaic Sales Sols. U.S. Operating Co., 2015 WL 4661981, *2 (D. Nev. Jul. 29, 2015) ("By their nature, ex parte requests are not made available to the public.").

      Placing that to one side, Plaintiff's Motion (Doc. 8) for alternative service suffers multiple deficiencies. Counsel's declaration is unsigned. Doc. 8-1. The appended list of email addresses is incomplete. Doc. 8-2. The Motion violates Local Civil Rule 7.D, which requires all motions to be accompanied by a proposed order. Without a proposed order, there is no identification of a "designated website" where Defendants may be served by publication. Doc. 8 at 3 (referencing same). This additional assurance of notice has been incorporated into every order allowing alternative service in a "schedule A" case in this District. *See, e.g.*, Doc. 12 in 2:24-cv-01643-CB; Broadway Pine Brands LLC v. oatslikeme, 2023 WL 9067377, *5 (W.D. Pa. Oct. 11, 2023); Airigan Sols., LLC v. Rainbow Island Store, 2023 WL 9067557, *6 (W.D. Pa.

Jul. 28, 2023); Aquapaw Brands LLC v. Yan-Peng, 2022 WL 3019807, *4 (W.D. Pa. Jul. 29, 2022); Aquapaw LLC v. Allnice, 2022 WL 3019808, *4 (W.D. Pa. Jul. 29, 2022); Aquapaw Brands LLC v. Flopet, 2022 WL 3019804, at *4 (W.D. Pa. Jul. 29, 2022).

 Turning to Plaintiff's Motion for a TRO (Doc. 9), the Motion says that it is supported by a declaration of counsel, but the declaration, in fact, is from Hong Chuan Zhang, "the president of Plaintiff." Doc. 9-1.  The declaration purports to show irreparable harm by comparing Plaintiff's annual profits for certain of its products, showing a decline each year between 2022 and 2024.  The declarant does not swear to have personal knowledge of the facts alleged, nor are source(s) of the information revealed.  *See id.*  Even taking the assertions as true, they do not address the irreparable harm examined under Federal Rule 65(b)(1)(A).  The Rule focuses on the harm that "will result to the movant *before the adverse party can be heard in opposition*." *Id.* (emphasis added).

 The Motion satisfies none of the requirements for injunctive relief under Rule 65. Plaintiff's conclusory allegations fail to establish its likelihood of success on the merits, irreparable harm, the extent to which Defendants may suffer irreparable harm or how relief is in the public interest.  A movant cannot meet its burdens merely by saying they are met.

 This Motion is accompanied by a proposed order, but it does not help Plaintiff's cause. It merely states that the Court has considered the Motion, and directs "the cessation of sales of the subject products effective immediately." Doc. 9-2.  There are no provisions to address third party institutions (online storefronts, financial service providers), no recognition of the strictly limited time frames in Rule 65(b)(2) and no discussion of Plaintiff's provision of security in a proper amount "to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  *Id.*, subsec. (c).

In sum, Plaintiff's filings bear little relation to the serious work of this bench and bar. The Court's concerns are magnified exponentially, given the extraordinary nature of relief under Rule 65; the heightened scrutiny under 65(b); and the even weightier consequences in "schedule A" litigation.  *See* In re Zaful Ltd. Sched. A Litig., 2025 WL 71797, *6 (N.D. Ill. Jan. 10, 2025) (such cases must be "scrutinize[d with] extreme[] care[]"); In re Tang Sched. A Litig., 2022 WL 1664116, *3 (S.D. Fla. Feb. 28, 2022) (noting the "extreme breadth and severity" of relief often sought, at times on "speculative and generalized . . . showing[s] of alleged irreparable injury").[1] If there are more exacting types of litigation, the undersigned cannot presently think of any.

The present filings fall so short, the Court is at a loss in attempting to explain it.  Whether this has resulted from a lack of expertise, labor force or financial means—matters not in the end. Significant doubt remains as to whether counsel is up to the task.

The Court hereby ORDERS as follows.  Plaintiff's current Motions (**Docs. 8 & 9**) are **DENIED**, without prejudice.  Counsel is ordered to provide a written copy of this Order to an officer or agent of the client-company who is vested with final decision-making authority regarding this litigation.  *See generally, e.g.*, Flowers v. Amer. Nat'l Prop. & Cas. Co., 2020 WL 9813563, *16 (E.D. Ark. Apr. 6, 2020) (ordering the same where there were "obvious . . . concern[s] with the way [p]laintiff ha[d] been represented in th[e] case").  It appears that Plaintiff's declarant, Hong Chuan Zhang, may be the appropriate representative.  Regardless of identity, if there are any doubts regarding the individual's ability to comprehend the contents of the Order, counsel must ensure that a true and accurate written translation is provided.

---

[1] The "in re" designations above are not provided in the source citations, but have been supplied by this Court.

By **March 20, 2025**, Plaintiff's counsel shall file a written notice on the docket, indicating her client's intentions.  Unless Plaintiff dismisses the case (which can be done without prejudice to refiling), counsel shall affix to the notice a sworn declaration of the decision-maker, attesting that he or she has received a copy of this Order, has read it and understands all of its contents.  If Plaintiff wishes secure new or additional legal counsel, the Court will afford a reasonable period for it to do so.

IT IS SO ORDERED.


March 7, 2025                                    s/Cathy Bissoon_____
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record