Patricia Ray (Pa Bar No 31989)
RAYCHAN I.P. LAW FIRM, PLLC
5 Old Mill Road Freeport PA 16229
Telephone: (215) 908-6810
Email: raypatricia@yahoo.com

Attorney for Plaintiff
Ningbo Bonny e-Home Company Ltd.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NINGBO BONNY E-HOME CO., LTD. | Case No. 2:24-cv-00568=CB |
| Plaintiff, | |
| v. | |
| ONDWAY, POOLCLEAN US STORE, USA WAREHOUSE, BOWANJIE, INPOOL US STORE, DEWFOND, DIGIGER, MOTOBUDDY STORE, and et al. Individual, Partnerships | |
| Defendants. | |

REVISED MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE OF THE AMENDED COMPLAINT AND SUMMONS

This is Plaintiff's Revised Motion for An Order Autorizing Alternative Service of the Amended Complaint and Summons, this revision the original motion for alternative service that is intended to comport with this Courts Order ECF No 10 dated March

REVISED MOTION
-1-

7, 2025. In Order No 10 the Court indicated that Plaintiff's Motion was deficient. This revision makes corrections as follows:

(1)   The Revised Motion is retitled and is not called *ex parte*.

(2)   The list of email addresses is complete as shown in Attachment A.

(3)   A website [www.raychaniplaw.com](www.raychaniplaw.com)  is hereby identified as where the Complaint and Summons are posted and may be accessed by the Defendants

(4)   A proposed order is included.

(5)    A signed declaration of Counsel is provided.

BACKGROUND

1. Plaintiff filed a Complaint for design patent infringement on April 16, 2024, naming   the eight above captioned Defendants.  On May 19, 2024, Plaintiff filed an Amended Complaint which made corrections to the Plaintiff's name. The original name of Plaintiff *Ningo Bonny E-Home Co. Ltd)* was corrected *to NINGBO DONGCHUAN SWIMMING POOL EQUIPMENT CO., LTD.*  Along with the Complaint, Plaintiff filed a Revised Summons that corrected Plaintiff's name.

2. On July 19, 2024, Plaintiff filed a motion with the Court requesting an order authorizing "alternate service of process" of the Complaint and Summons on Defendants ONDWAY, POOLCLEAN US STORE, USA WAREHOUSE,

BOWANJIE, INPOOL US STORE, DEWFOND, DIGIGER, and MOTOBUDDY STORE, pursuant to Federal Rules of Civil Procedure 4(f)(3). In that motion, Plaintiff explained that the Defendants promote selling and distribute infringing, offering through retail sites on-line and distributing unauthorized infringing products and that Defendants operate-commerce in a manner that allows for electronic commerce and email. However, Defendant's ecommerce site does not provide information that would allow for service by mail or under the Hague Convention. As such, Plaintiff requires an alternative method of providing service. In fact, Defendants transact their business by electronic methods including email contacts that are provided on their ecommerce sites.

3. Plaintiff's motion requested that, pursuant to Federal Rule of Civil Procedure 4(f)(3), the Court issue an order authorizing service of process on Defendants via electronic communication and respectfully submitted that an Order allowing service of process and future filings via e-mail and by publication on a designated website: *www. raychaniplaw.com* will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously. Absent the ability to serve Defendants by email and/or website publication, Plaintiffs would

almost certainly be left without the ability to pursue a remedy. The request was made in accordance with FRCP 4(f)(3) which states that service may be made on foreign defendants by other means not prohibited by international agreement, as the court orders.

4. Plaintiff asserted in the motion and continues to assert that there are adequate means for electronic contact with Defendants because they operate an operate an Internet-based businesses using electronic means of communication such that Plaintiff will be able to provide Defendant with both notice by publication and notice of this action via e-mail.  As a practical matter Defendants generally must maintain accurate e-mail addresses where their marketplace platforms and payment processors may communicate with them regarding issues related to their e-commerce offerings and transfer of funds for the payment for goods.

5. Defendants Rely on Electronic Communications

Defendants have structured their e-commerce businesses so that the principal means for customers to purchase their offending goods at issue is by placing an order electronically. Defendant takes and confirms orders online and relies on electronic means to receive a payment.  In this manner Plaintiff will be able to provide Defendant with electronic notice of the Summons, Complaint and all documents filed in notice of this action.

**THE REQUEST IN THIS REVISED MOTION**

6, Plaintiff hereby submits its REVISED MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4 (f) (3) requesting alternative service by email *and publication* having corrected the deficiencies identified by the Court in Order No. 10

**ARGUMENT**

The Court May Authorize Service via Electronic Mail and Website Publication Pursuant to Federal Rule of Civil Procedure 4(f)(3).

Fed. R. Civ. P. 4(f)(3) enables a foreign business entity to be served with process using an alternative method of service so long as the alternative method: (1) "is not prohibited by international agreement" and (2) "comports with constitutional notions of due process". *Henry F. Teichmann, Inc. v. Caspian Flat Glass*, No. 13-cv-458, 2013 WL 1644808 at *1, *2 (W.D. Pa. April 16, 2013) (Hornak, J.). Notably, "[s]ervice under subsection [4(f)] (3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Sulzer Mixpac AG v. Medenstar Indus. Co*., 312 F.R.D. 329, 330 (S.D.N.Y 2015). Since third- party merchants on Internet marketplaces, like Defendant, have been known to use incomplete identification information to shield their true identities and there are, in fact, not any genuine physical addresses associated with the majority

-5-

of Defendants…this is exactly the circumstance where the courts should exercise, as they previously have exercised, the authority to grant alternative methods of service. Fed. R. Civ. P. 4(f)(3) permits service in a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice". See *Rio Props. v. Rio Intern. Interlink*, 284 F. 3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in the *Rio Props* case- similarly involving Internet business-- held that e-mail service of an online business defendant "was constitutionally acceptable." Rio Props at 1017. The *Rio Props* Court reached this conclusion because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props*., 284 F. 3d at 1014-15, explaining that Rule 4(f) does not create a hierarchy of preferred methods of service of process. The plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements.

**Alternative Service Comports With Due Process**

Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. As such, this Court may allow Plaintiff to serve the defendants via

electronic publication and/or e-mail. Additionally, the Constitution itself does not mandate that service be effectuated in any particular way. Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props*., Inc., 284 F.3d at 1016. Here, service on Defendants by e-mail and/or by publication on Plaintiff's Website will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiff's claims. Based upon Plaintiff's investigation, Defendant has this one form of electronic means of contact, which is the most reliable means of providing Defendants with notice of this action.

In cases that factually resemble this one, a number of Courts, including this District have allowed that alternate forms of service pursuant to Rule 4(f)(3), are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *TracFone Wireless, Inc.,* 278 F.R.D. at 693 (finding that service of process by e-mail was reasonably calculated to apprise the defendants of the action and give it an opportunity to respond). This Court has authorized electronic service of process on merchants on Internet marketplaces in cases that are factually similar to the present case. See, e.g., *Rapid Slicer v. Buyspry*, No. 19-cv-249 (Order Authorizing Alternative Service entered on March 11, 2019)

(Horan, J). More recently service was authorized by email and publication in *Broadway Pine Brands LLC v. oatslikeme*, 2023 WL 9067377, *5 (W.D. Pa. Oct. 11, 2023) stating:

> "Plaintiff shall serve copies of the Complaint, the Application, this Order, and any Discovery on each Defendant via their corresponding email/online contact form provided on the Internet based e-commerce stores operating under the respective Seller IDs, or by providing a copy of this order by e-mail to the marketplace platform, which in turn notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.
>
> In addition, Plaintiff shall post copies of the Complaint, Application, this Order, any Discovery, and all other pleadings and documents filed in this action on a website designated by Plaintiff, and shall provide the website address to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website designated by Plaintiff or by other means reasonably calculated to give notice which is permitted by the Court."

Similarly in this District, Judge Weigand allowed for alternative service in *Aquapaw Brands LLC v. Flopet*, 2022 WL 3019804, at *4 (W.D. Pa. Jul. 29, 2022), citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950), and stating that FRCP Rules 4(h)(2) and

-8-

4(f)(3) together provide that a party may serve an individual or a business entity at a place not within any judicial district of the United States by means not prohibited by international agreement, stating: "…Here, *(in Mullane)* the Court authorized alternative service, finding that service by e-mail and website publication was reasonably calculated to apprise the interested parties of the pendency of this action and afford them an opportunity to present their objections. "

**E-mail and Publication Service Are Not Prohibited by International Agreement**.

In *Aquapaw v. Flopet,* Judge Weigand also addressed the question of whether service by email is prohibited by international agreement, stating "Finally, service by e-mail and website publication is not prohibited by international agreement. *See Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, No. 2:13-cv-458, 2013 U.S. Dist. LEXIS 54299, *3-6 (W.D. Pa. Apr. 16, 2013) (Hornak, C.J.); *see also Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590, 2015 U.S. Dist. LEXIS 122000, at *9-11 (S.D. Fla. Sept. 14, 2015); *FTC v. PCCare247 Inc.*, No. 12-cv-7189, 2013 U.S. Dist. LEXIS 31969, at *10 (S.D.N.Y. Mar. 7, 2013). Therefore, service was proper in this case (Aquapaw)."

In parallel to these previous cases, service via e-mail is not prohibited by international agreement in the case at hand. Based upon the information contained on Defendants' e-commerce marketplace stores. Plaintiff believes that Defendants reside in the People's Republic of China ("China"), or other foreign jurisdictions, and/or redistribute products from sources in those locations. (Ray Declaration) The Hague Service Convention does not preclude the Court from authorizing service of process via e-mail or website publication.[1]

---

[1] Alternative means of service, such as e-mail, are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those means. See *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) . Article 10 to the Hague Service Convention allows service of process through means other than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. See Hague Convention, Art. 10, 20 U. S. T. 361 (1969).

China has objected to the alternative means of service outlined in Article 10 of the Convention. However, that objection is specifically limited to the means of service enumerated in Article 10, and China has not expressly objected to service via e-mail or website publication. Because the declaration to the Hague Convention filed by China does not object to e-mail and website publication service, "a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); see also *WhosHere, Inc. v. Orun, Case* No. 13-cv-00526-AJT, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10."). Consequently, China's objections to the means of alternative service provided in Article 10 are no bar to court-directed service and do not prevent this Court from authorizing alternative service of process via e-mail or website publication. *Stat Med. Devices, Inc.*, 2015 U.S. Dist. LEXIS 122000, at 8-9

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court grant the present **REVISED MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICEOF THE AMENDED COMPLAINT AND SUMMONS.**

And thereby authorize service of the Summons, the Complaint, discovery, and future filings in this matter upon each Defendant in this action via e-mail to Defendants online accounts as listed and shown in Attachment A and also by publication at the designated website www.raychaniplaw.com.

Dated: March 18, 2025                    RAYCHAN I.P. LAW FIRM, PLLC


                                         /s/ Patricia Ray

                                         Attorney for Plaintiff

**ATTACHMENT A: Online contacts and emails for Defendants**

ONDWAY 1224597612@qq.com, lorien7832@163.com, zekes@qq.com

POOLCLEAN US STORE https://www.Amazon,com/Peoffessional-Swimming=Hemispherical Aluminum=Bristles/dp/B0C1BYLN4Q/ref=sr_1 5?crid=223FLIAXC87QTK&KEYWORDS=POOL%2Bbrush&qid+1685605&th=1

USA WAREHOUSE https://www.amazon.com/dp/B0BXKPZQM8/ref=sspa_dk_detail_4?ie=UTF8&psc=1&pd_rd_

BOWANJIE:853601185@qq,com

UINPOOL US STORE yinunipool@outlook.com,yin441@outlook.com

DEWFOND: Trademarks@branding-law.com

DIGIGER:jailabao123@siza.com

MOTOBUDDY Not Currently on-line