Email: raypatricia@yahoo.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NINGBO BONNY E-HOME CO., LTD., a corporation of China<br><br>Plaintiff,<br><br>v.<br><br>ONDWAY, POOLCLEAN US STORE, USA WAREHOUSE, BOWANJIE, INPOOL US STORE, DEWFOND, DIGIGER, MOTOBUDDY STORE, and et al. Individual, Partnerships<br>        Defendants. | Case No. 2:24-cv-00568 CB |

DECLARATION OF PATRICIA RAY IN SUPPORT OF PLAINTIFF'S REVISED MOTION FOR AN ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS

I, Patricia Ray, hereby declare as follows:

1. I am a Pennsylvania attorney who works with the law firm of RayChan IP Law Firm, located at 108 N Ynez Ave #213, Monterey Park, CA 91754 in representing Plaintiff in the above-referenced action.
2. I make and submit this declaration in support of Plaintiff's Revised Motion for an Order Authorizing Alternative Service of Process.
3. I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the facts set forth below.

1

4. Defendants have been accused of infringement by way of offer and sale of pool brushes that infringe Plaintiffs design patent.
5. Plaintiff's investigation of Defendant's e-commerce stores revealed that they are operating under seller names but have not provided valid information on location or anything like a mailing address where service could be provided.
6. While Plaintiff has not been able to determine Defendant's exact location, Plaintiff has good cause to believe representatives of Defendants are China residents.
7. Defendants offer their products online and provide contact e-mail addresses on their e-commerce store as part of their electronic form of contact.
8. It appears that the only form of contact for service of Defendants is by alternate means of email or publication.
9. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra- Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which the United States and China are signatories and have determined that: China has declared that it opposes the service of documents in its territory by the alternative means of service outlined in Article 10 of the Convention. However, the Hague Convention does not preclude service by e-mail or publication, and the declarations to the Hague Convention filed by China do not expressly prohibit e-mail service.

    A copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, is available at Hague Service Convention, November 15, 1965, 20 U.S.T. 361. I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 20, 2025.

                                            <u>/Patricia L. Ray/</u>
                                            Patricia Ray, Attorney for Plaintiff