UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NGBO BONNY E-HOME CO., LTD.<br><br>Plaintiff,<br><br>v.<br><br>ONDWAY, POOLCLEAN US STORE, USA WAREHOUSE, WANJIE, INPOOL US STORE, DEWFOND, DIGIGER, OTOBUDDY STORE, and et al. Individual, Partnerships Defendants. | Case No. 2:24-cv-00568<br><br>(Proposed) ORDER |

## ORDER

Plaintiff Ningo Bonny eHome Co Ltd has moved pursuant to 35 U.S.C. § 283, Federal Rules of Civil Procedure 64 and 65, for entry of a temporary restraining order and an order restraining assets and Merchant Storefronts, for violations of the Patent Act for the protection on their design of a pool brush ("Plaintiff's Product").

Because Plaintiff has satisfied the requirements for the issuance of a temporary restraining order, and good cause is shown, the Court grants Plaintiff's Application.

## **FACTUAL FINDINGS & CONCLUSION OF LAW**

1. Plaintiff, Ningo Bonny eHome Co Ltd. is likely to prevail on its Patent Act claim at trial.

2. Plaintiffs Product is the subject of a design patent entitled "Pool Brush" and registered as U.S, Patent No, D 985,947S ("Plaintiff's Patent").

3. Plaintiff incorporated its patented design into a product and successful developed as commercially viable in the Internet. Plaintiff launched product sales in 2020 on the Amazon marketplace .The unique design of Plaintiffs product was reflected in successful sales on the Internet, largely on the Amazon marketplace, until Defendants entered the market in 2022 with infringing products, largely also in the Amazon marketplace.

4.Defendants, by operating Internet based e-commerce stores, and fully interactive, commercial Internet websites operating under Defendants' respective seller identities set forth on Exhibit 8 to the Complaint have advertised, promoted, sold, and offered for sale that infringes Plaintiff's Patent and causes damage to Plaintiff.

5, Defendants have largely been selling on the Amazon marketplace, like Plaintiffs. Through the Amazon Marketplace and e-commerce marketplace platforms, Plaintiff accessed all of the e-commerce stores operating under Defendants' Seller IDs and captured the Defendants' listings at issue on the e-commerce stores. These were inspected by Plaintiff and confirmed that each Defendant is offering for sale products that infringe Plaintiff's Patent ("Infringing Products").

6. Plaintiff is likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for relief is granted. There is good cause to believe that the unauthorized and unlicensed offering for sale and sale of Infringing Products will continue in the marketplace, that consumers are likely to be misled, confused, and disappointed by the quality of the products so advertised, and that Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which they operate. There is also good cause to believe that if Plaintiff proceeds on notice to Defendants of this Application, Defendants can easily and quickly change the ownership or modify e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller IDs, thereby thwarting Plaintiff's ability to obtain meaningful relief.

7. The balance of potential harm to Defendants of being prevented from continuing to profit from their infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

8. The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests and protect the public from being deceived and defrauded by Defendants

9. Under Pennsylvania law this Court may issue a prejudgment asset restraint where Plaintiff's complaint asserts a claim for money damages. Therefore, this Court has the authority to grant Plaintiff's request for a prejudgment asset freeze to preserve the relief sought by Plaintiff and preserve the Defendants' ability to at least partially satisfy a judgment.

## I. Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

(1) from (a) their unauthorized and unlicensed use of Plaintiff's Patent, distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products that infringe upon at least one claim of the Plaintiff's Patent;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately cease offering for sale the Infringing Products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon Services, LLC d/b/a Amazon.com, and Amazon Payments, Inc. d/b/a Amazon Pay and, PayPal, Inc. d/b/a paypal.com. ("Financial Institutions,") and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s) shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in Schedule "A" hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third-Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provider Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court;

(10) Upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third-Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on Schedule "A" hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) This Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing on at least one claim of the Plaintiff's Patent;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and (13) this Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further dates as set by the Court or stipulated by the parties.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third-Party Service Providers and Financial Institutions, is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction, or until further order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

(2) within five (5) days after receiving notice of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that, upon Plaintiff's request, within no later than five (5) calendar days of Plaintiff's request:

(1) Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc. (collectively "Amazon"), are hereby restrained and enjoined, pending the hearing and determination of Plaintiff's Application for a preliminary injunction, or until further order of the Court, from processing payments for any products for any products listed under the following Amazon Standard Identification Numbers ("ASINs): B0C3HQGXB1; B0C1BYLN4Q; B0C1C1C1XT; B0BQJM1DVM; B0C1BZ72XX; B0BXKPZQM8; B0BXKVNJZP; B0BZ3C292B; B0BYZHNFPH; B0BQJMHV5K; B0C2K98FVF; B0C6JVCNT8; B0C6JVPTRL; BOCDGJVMBN; BOCDGJJ36K by any Seller that has not been authorized by Plaintiff; Plaintiff shall provide notice to Amazon of Plaintiff's authorized that has not been authorized by Plaintiff; Plaintiff shall provide notice to Amazon of Plaintiff's authorized sellers;

v

(3) Upon Plaintiff's request, Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc., shall take down listings and/or advertisements for any for any products listed under the following Amazon Standard Identification Numbers ("ASINs): B0C3HQGXB1; B0C1BYLN4Q; B0C1C1C1XT; B0BQJM1DVM; B0C1BZ72XX;  B0BXKPZQM8; B0BXKVNJZP; B0BZ3C292B; B0BYZHNFPH; B0BQJMHV5K; B0C2K98FVF; B0C6JVCNT8; B0C6JVPTRL; BOCDGJVMBN; BOCDGJJ36K by any Seller that has not been authorized by Plaintiff; Plaintiff shall provide notice to Amazon of Plaintiff's authorized that Plaintiff identifies as infringing on at least one claim of the Plaintiff's Patent (i.e., preventing a seller from listing for sale under the identified ASIN);

(4) Upon Plaintiff's request, a Third-Party Service Provider shall remove listings and/or advertisements for any product that infringes on at least one claim of the Plaintiff's Patent; and

(5) this Order shall remain in effect during the pendency of this action or until further order of the Court.

## II. Order to Show Cause Why a Preliminary Injunction Should Not Issue and Service of Order

A. Defendants are hereby ORDERED to show cause before this Court in the United States District Court for the Western District of Pennsylvania, via ZoomGov videoconference on _____. why a preliminary injunction, pursuant to [FRCP 65(a)](), should not issue. Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them.

B. Opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of before_____ Plaintiff shall file any Reply papers on or before_____

C. After Plaintiff's counsel has received confirmation from the Third Party Service Providers and Financial Institutions or otherwise, regarding the restraint of funds directed herein, Plaintiff shall serve copies of the Complaint, the Application, this Order, and any Discovery on each Defendant via their corresponding email/online contact form provided on the Internet based e-commerce stores operating under the respective Seller IDs, or by providing a copy of this order by e-mail to the marketplace platform, which in turn notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, Plaintiff shall post copies of the Complaint, Application, this Order, any Discovery, and all other pleadings and documents filed in this action on website designated by Plaintiff, WWW.raychaniplaw.com and shall provide the website address to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website designated by Plaintiff or by other means reasonably calculated to give notice which is permitted by the Court.

**Security Bond**

IT IS FURTHER ORDERED that Plaintiff shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of $5000 Dollars (Five Thousand Dollars) with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

As defined in the Complaint, a "User Account" is any and all accounts with online marketplace platform, including, Amazon.com, eBay.com, aliexpress.com, Walmart.com, and wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them. A "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

## VI. Summons

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a single original summons in the name of "Ondway" and all other Defendants identified in the Complaint" that will apply to all Defendants.

**SO ORDERED**.

SIGNED this __ day of May, 2025

Pittsburgh, Pennsylvania

/s/ J Cathy Bisson

UNITED STATES DISTRICT JUDGE