UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION NO. 2:24-CV-00568-CB

NINGBO DONGCHUAN SWIMMING POOL
EQUIPMENT CO., LTD.,
Plaintiff,
v.

ONDWAY, POOLCLEAN US STORE, USA
WAREHOUSE, BOWANJIE, INPOOL US
STORE, DEWFOND, DIGIGER, MOTOBUDDY
STORE, et al.,
Defendants.
_____/

**DEFENDANT BOWANJIE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant BOWANJIE, by and through its undersigned counsel, hereby submits its Answer to the Amended Complaint filed by Plaintiff Ningbo Bonny E-Home Co., Ltd. ("Plaintiff") [DE 7] and responds to the allegations as follows:

ANSWER

THE PARTIES

1. BOWANJIE lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's status as a corporation organized and registered in China with a principal place of business at 5th Floor, Chuangdai Incubation, No. 199, Hexiao East Road, Dongqiao Town, Haishu District, Ningbo, Zhejiang, 315000, China, and therefore denies the same.

2. BOWANJIE admits that it is a foreign-based entity but denies that it has copied Plaintiff's proprietary patent-protected products or sells infringing products online in marketplaces such as Amazon.com and eBay.com. BOWANJIE further denies that it disregards the intellectual property rights of others or acts as an infringer or counterfeiter. BOWANJIE lacks sufficient knowledge to admit or deny the allegations regarding its conduct in concert or connection with other Defendants and therefore denies the same.

3. BOWANJIE denies that it has substantial contacts or transacts substantial business, either directly or through agents, in this judicial district or elsewhere in the United States sufficient to establish personal jurisdiction.

4. BOWANJIE denies that the allegations in the Amended Complaint referencing Defendants apply to BOWANJIE individually, jointly, severally, or in any combination with other Defendants, unless specifically stated otherwise.

5. BOWANJIE denies that the acts complained of herein were committed by, on behalf of, or for the benefit of BOWANJIE, unless specifically stated otherwise.

NATURE OF THE ACTION

6. BOWANJIE admits that Plaintiff purports to bring this action for patent infringement but denies that BOWANJIE has engaged in any infringing conduct.

7. BOWANJIE denies that it has been infringing, contributing to the infringement of, or actively inducing others to infringe the claims of U.S. Patent No. D985,947S ("the '947 Patent").

8. BOWANJIE denies that it has been infringing, contributing to the infringement of, or actively inducing others to commit violations of unfair competition and deceptive trade practices under Pennsylvania law, including under any purported "Pennsylvania Business and Professions Code Section 17299," which does not exist. To the extent Plaintiff intended to reference a different statute, BOWANJIE denies the allegations of unfair competition and deceptive trade practices.

9. BOWANJIE denies that Plaintiff's evaluation and comparison under the ordinary observer test establish that BOWANJIE has engaged in infringement of the '947 Patent.

JURISDICTION AND VENUE

10. BOWANJIE admits that this Court has subject matter jurisdiction over claims arising under the patent laws of the United States, 35 U.S.C. § 271 et seq., pursuant to 28 U.S.C. §§ 1331 and 1338(a), and over state law claims under 28 U.S.C. § 1367, but denies that Plaintiff has stated a valid claim for relief.

11. BOWANJIE denies that this Court has personal jurisdiction over BOWANJIE. BOWANJIE specifically denies that it conducts substantial business in the Commonwealth of Pennsylvania or

this judicial district, or that it has been infringing, contributing to the infringement of, or actively inducing others to infringe the '947 Patent in this District or elsewhere. BOWANJIE further denies that it regularly conducts, transacts, or solicits business in Pennsylvania, derives substantial revenue from business transactions in Pennsylvania, or avails itself of the privileges and protections of Pennsylvania law such that jurisdiction would not offend traditional notions of fair play and due process. BOWANJIE also denies that its actions in Pennsylvania caused injury to Plaintiff sufficient to establish jurisdiction.

12. BOWANJIE denies that venue is proper in this Court under 28 U.S.C. §§ 1391(a), (b), and (c), or § 1400(b). BOWANJIE denies that a substantial part of the events giving rise to Plaintiff's claims occurred in the Western District of Pennsylvania, that BOWANJIE is subject to personal jurisdiction in this District, that BOWANJIE transacts business in this judicial district, or that BOWANJIE may be sued in this District as a non-resident of the United States.

FACTUAL BACKGROUND (U.S. Design Patent No. D985,947S)

13. BOWANJIE incorporates its responses to paragraphs 1-12 as if fully set forth herein.

14. BOWANJIE admits that U.S. Design Patent No. D985,947S, titled "POOL BRUSH HEAD," was issued on May 16, 2023, to Ningbo Dongchuan Swimming Pool Equipment Co., Ltd., as indicated in Exhibit 1 to the Amended Complaint. BOWANJIE denies that the '947 Patent is valid or enforceable and lacks sufficient knowledge to admit or deny whether it remains in force.

15. BOWANJIE lacks sufficient knowledge to admit or deny the allegations regarding the research, innovation, or efforts by inventors Huaizhong He and Hu Zhang, and therefore denies the same.

16. BOWANJIE lacks sufficient knowledge to admit or deny the allegations regarding the ownership of the '947 Patent by Plaintiff and therefore denies the same.

17. BOWANJIE denies that the '947 Patent covers a valid ornamental design for a pool brush. BOWANJIE lacks sufficient knowledge to admit or deny the allegations regarding Plaintiff's commercial success or differentiation from competitors and therefore denies the same.

18. BOWANJIE lacks sufficient knowledge to admit or deny the allegations regarding Plaintiff's advertising, promotional efforts, or the goodwill and reputation associated with the pool brush design, and therefore denies the same.

19. BOWANJIE admits that it operates an online store but denies that it advertises or sells products that infringe the '947 Patent on Amazon.com, eBay.com, or Walmart.com under the brand name listed in Schedule A.

20. BOWANJIE denies that it offers or provides products that infringe the '947 Patent to the market under various names, either individually or with other Defendants.

21. BOWANJIE denies that its products infringe the '947 Patent under the ordinary observer test or any other standard.

22. BOWANJIE denies that its products infringe the '947 Patent as shown in the side-by-side comparisons in Exhibits 2 through 9 of the Amended Complaint.

23. BOWANJIE admits that Plaintiff has not granted it a license or authorization to make, use, offer for sale, sell, or import pool brushes embodying the design of the '947 Patent. BOWANJIE denies that its products infringe the '947 Patent or that the '947 Patent is proprietary to Plaintiff.

24. BOWANJIE lacks sufficient knowledge to admit or deny whether Plaintiff communicated a cease-and-desist request in August 2023 or whether BOWANJIE received such a request, and therefore denies the same. BOWANJIE denies that it continues to sell, offer to sell, or promote infringing products on online platforms such as Amazon.com.

25. BOWANJIE denies that it failed to respond to or acknowledge any cease-and-desist requests, as it lacks sufficient knowledge to confirm receipt. BOWANJIE denies that it continues to sell infringing products or has discouraged consumers from purchasing such products.

26. BOWANJIE denies that it has discouraged consumers from purchasing infringing products or that it has knowledge of Plaintiff's rights in the '947 Patent.

27. BOWANJIE denies that it has been willfully and knowingly infringing Plaintiff's rights in the '947 Patent or that Plaintiff has suffered substantial losses and damages as a result of BOWANJIE's actions.

28. BOWANJIE denies that its conduct is wrongful or infringing and denies that Plaintiff is entitled to injunctive relief.

**FIRST CAUSE OF ACTION (Infringement of U.S. Design Patent No. D985,947S Under 35 U.S.C. § 271 et seq.)**

29. BOWANJIE incorporates its responses to paragraphs 1 through 28 as if fully set forth herein.

30. BOWANJIE lacks sufficient knowledge to admit or deny whether Plaintiff provided notice of alleged infringement in August 2023, and therefore denies the same. BOWANJIE denies that it has infringed the '947 Patent.

31. BOWANJIE denies that it has engaged in a pattern of conduct demonstrating awareness of the '947 Patent, that its actions constitute infringement, that the '947 Patent is valid and enforceable, or that there was an objectively high likelihood of infringement known or obvious to BOWANJIE.

32. BOWANJIE denies that it has infringed or continues to infringe the '947 Patent by making, using, offering to sell, or selling products in the United States, including in Pennsylvania or this judicial district, that infringe the ornamental design of the '947 Patent.

33. BOWANJIE denies that its products infringe the '947 Patent under the ordinary observer test or any other standard.

34. BOWANJIE denies that its actions constitute infringement of the '947 Patent without authority, permission, or license, and denies that such actions violate 35 U.S.C. § 271.

35. BOWANJIE denies that its actions have damaged or continue to damage and injure Plaintiff, that any alleged injury is irreparable, or that Plaintiff is entitled to injunctive relief.

36. BOWANJIE denies that Plaintiff is entitled to an accounting of proceeds or profits derived by BOWANJIE, including under 35 U.S.C. § 289.

37. BOWANJIE denies that it has engaged in willful or deliberate infringement of the '947 Patent, that Plaintiff is entitled to treble damages under 35 U.S.C. § 284, or that this action qualifies as an exceptional case under 35 U.S.C. § 285.

38. BOWANJIE denies that Plaintiff is entitled to a permanent injunction preventing BOWANJIE from further alleged infringement of the '947 Patent.

## PRAYER FOR RELIEF

39. BOWANJIE denies that Plaintiff is entitled to any of the relief requested in paragraphs A through H of the Prayer for Relief, including but not limited to findings of infringement, an accounting of damages, actual damages, enhanced damages, attorneys' fees, injunctive relief, or an order restraining funds in financial accounts.

## DEMAND FOR JURY TRIAL

BOWANJIE hereby demands a jury trial on all issues triable as of right to a jury, pursuant to Fed. R. Civ. P. 38(b).

Dated: June 3, 2025

                                    Respectfully submitted,

                                    <u>/s/ Jianyin Liu</u>

                                    FBN: 1007675
                                    Jianyin Liu, Esq.
                                    The Law Offices of James Liu, LLC
                                    15750 SW 92nd Ave Unit 20C
                                    Palmetto Bay, FL 33157
                                    Ph: (305) 209 6188
                                    Email: jamesliulaw@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on June 3, 2025.

<u>/s/ Jianyin Liu</u>