**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NINGBO BONNY E-HOME CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | 2:24-cv-00568-CB |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| ONDWAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff's renewed Motion for injunctive relief (Doc. 32) and its "Amended MOTION

for Default" (Doc. 40) will be denied.

From its inception, Plaintiff's case has been plagued with errors—some minor,

some major and everything in-between.  This has resulted in delays, exceptional in both number

and length; and the entry of an Order, unprecedented for this Court, requiring counsel to provide

a written copy to the client, to confirm its awareness of the repeated professional lapses.

Doc. 10.  The client "decided to give [counsel] another chance," Doc. 11 at ¶ 10, and directed her

"to review carefully the Courts [sic] Order and file a revised Motion for Temporary Injunction."

Doc. 13.

The client-feedback appears to have been about as effective as the Court's.  Plaintiff's

renewed Motion requests the entry of a temporary restraining order ("TRO"), notwithstanding

the Court's having specifically cited portions of Rule 65 identifying unique, and rare, aspects of

the TRO mechanism.  *I.e.*, the ruling is made "without written or oral notice to the adverse

party," and a plaintiff must present "specific facts in an affidavit or a verified complaint clearly

show[ing]" immediate and irreparable injury "*before the adverse party can be heard in*

*opposition*." Doc. 10 at 2 (citing and quoting Fed. R. Civ. P. 65(b)(1)(A)) (emphasis in the original).  Plaintiff's generalized allegations did not address the pre-notice harm contemplated in Rule 65(b).  And, given that none of its papers have been filed ex parte or under seal, the premise underlying the Schedule A paradigm (preventing elusive infringers from rapidly absconding with ill-gotten gains) simply does not apply.

Plaintiff's renewal of the TRO request makes even less sense given that one of the Defendants, "BOWANJIE," *answered the pleadings before the renewed Motion was filed*. *Compare* Doc. 31 (Answer, filed June 3, 2025) *with* Doc. 32 (Plaintiff's renewed Motion, filed June 7, 2025).  A party cannot "be heard in opposition" more than answering the complaint.

Over two months later, Plaintiff's counsel docketed a "Notice of Voluntary Dismissal" as to BOWANJIE.  Doc. 34 (as corrected in Doc. 35).  The filing itself is untitled; it references Rule 41; and a "motion for dismissal." *Id.*  A proposed order is attached.  Doc. 34-1.  The filing says the request "is made upon the parties' resolution of issues and their agreement to dismiss." *Id.*

Whether the filing is intended to be a notice or stipulation of dismissal under Rule 41(a)(1), which would not have required a court order, or a true motion to dismiss under Rule 41(a)(2), is unclear.  If deemed a request under 41(a)(1), the filing meets none of the listed criteria; if a motion under 41(a)(2), it offers little for the Court to determine whether the "terms [of dismissal are] proper." *See id.*  Nor does it indicate whether the dismissal is intended to be with- or without-prejudice.  *See* Fed. R. 41(a)(1)(B); *id.* at 41(a)(2).

Twenty days later, Plaintiff's counsel docketed an "Amended Motion for Default against All Defendants except for Bowanje and for MotoBuddy." Doc. 40.  A charitable description of the filing would be "disjointed," a less charitable one, "schizophrenic."  A portion of the caption

is lopped off.  The filing is directed "TO CLERK."  A blank page appears.  Then a "Proposed Default Order," with the undersigned's name in the signature block.  Misspelled.  Doc. 40 & Doc. 40-1.[1]

Counsel's supporting declaration provides as the "Date:  9. 2025 [sic]."  Doc. 40-2 at unnumbered pg. 2.  Its explanation for excluding Defendant "MOTOBUDDY" from the request reads:  "The Court's Order No 7 allowed alternative service of the Summons and Complaint which was accomplished as in Return of Service in Order No 7, excluding Defendant Moto Buddy [sic]."  *Id.* at ¶ 3.  This, the Court will not attempt to decipher.

On the same day as Plaintiff's filing, Defendants "ONDWAY," "INPOOL US STORE" and "POOLCLEAN US STORE" filed an Answer and Counterclaims.  Doc. 42.  That was on September 9, 2025.  The Court has waited, since, for Plaintiff to answer the Counterclaims.  It appears that, without prompting, that day may never come.

Plaintiff's request, motion – whatever was intended – for default (**Doc. 40**) is **DENIED**.  "[D]efaults are drastic sanctions," and "doubts should be resolved in favor of reaching the merits."  Hildebrand v. Allegheny Cnty., 923 F.3d 128, 132 (3d Cir. 2019) (cleaned up).  Given the deficiencies above, and the fact that some Defendants have come forward with merits defenses, an entry of default is unwarranted.

Speaking of defenses, the Counterclaim Plaintiffs have provided some interesting information.  It appears that, in 2019, the same inventors (and Plaintiff) secured a Chinese utility model patent, with figures bearing remarkable resemblance to the U.S. design patent, issued over three years later:

---

[1]  Plaintiff's initial reference to the Clerk of Court was the correct one.  Fed. R. Civ. P. 55(a) (the clerk of court enters default, not the court/judge).

The Chinese patent                           The U.S. Patent





*Compare* CN209556458U (Chinese patent, granted Oct. 29, 2019) (figures available here)

*with* USD985947S1 (U.S. patent asserted here, granted May 16, 2023).  The U.S. patent did not

identify the Chinese patent as prior art.

It is of significant interest to hear why.  "Drawings and pictures can anticipate claims if

they clearly show the structure which is claimed. . . .  The origin of the drawing is immaterial.

For instance, drawings in a design patent can anticipate or make obvious the claimed invention[,]

as can drawings in utility patents."  MPEP § 2125, Drawings as Prior Art (R-10.2019);

*see* MPEP § 2121.04 ("[p]ictures and drawings may be sufficiently enabling to put the public in

the possession of the article pictured," and "may be used to reject claims").

Defense counsel highlighted the matter in filings last September, bringing Counterclaims

thereon, and Plaintiff has offered no response.  For this reason, and the others previously

referenced, Plaintiff's Motion (Doc. 32) for injunctive relief is **DENIED**.  On this record,

Plaintiff has not shown a likelihood of success on the merits.

*       *       *

In its prior Order, the undersigned noted that Plaintiff's "filings [fell] so short" of professional standards that the Court was hard-pressed "to explain it." Doc. 10 at 3. Schedule A litigation is "exacting," and "[s]ignificant doubt remain[ed] as to whether counsel [was] up to the task." *Id.* These sentiments notwithstanding, there have been no signs of improvement. If anything, things have gotten worse.

The Court directs Plaintiff's counsel to provide a written copy of this Order to her client, subject to the same conditions in the prior Order (Doc. 10), except that declarations are not required. Instead, by **April 6, 2026**, Plaintiff shall file a written response showing good cause why this case should not be dismissed for failure to prosecute and/or comply with Court Orders. Should Plaintiff resist dismissal, it must – by the same date – plead or otherwise respond to the Counterclaims. A failure of timely compliance will result in this case being dismissed. Given the extraordinary delays already occasioned, no extensions will be granted.[2]

IT IS SO ORDERED.

March 30, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] Should Plaintiff elect dismissal, Defendants' filing of an Answer makes Rule 41(a)(1)(A)(i) unavailable. *Id.* Dismissal will require the filing of "a stipulation . . . signed by all parties who have appeared." *Id., 41(a)(1)(A)(2)*. The Defendants who have filed Counterclaims have a right to be heard before the case may be dismissed. **Plaintiff's counsel is ordered to carefully read Rule 41, and the text-Order dated August 8, 2025 in the case of Bartels v. Liudoujiangshop, et al.,** 2:25-cv-00934-CB. Given the clarity of this directive, a submission under Rule 41 that does not comply with its terms will result in the dismissal of Plaintiff's claims (but not necessarily the Counterclaims).