# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NINGBO BONNY E-HOME CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | 2:24-cv-00568-CB |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| ONDWAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

The Court's Order dated March 30, 2026 (Doc. 45) gave Plaintiff until April 6, 2026 to file a written response showing good cause why this case should not be dismissed for failure to prosecute and/or comply with Court Orders. *Id.* at 5. The Court specifically advised that "[a] failure of timely compliance [would] result in this case being dismissed." *Id.*

The deadline has come and gone, and no response has been filed. Consistent with the March 30th Order, this case will be dismissed under Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). Factor 1, personal responsibility, favors dismissal. As recounted in the March 30th Order, counsel has shown repeated disregard for professional responsibility. *See id.* at 868. Plaintiff, moreover, has not responded to the Counterclaim Plaintiffs' evidence that it failed to reveal prior art, in the form of a Chinese utility model patent issued in 2019. Doc. 45 at 3-4. Its silence also tips factor 6 – the meritoriousness of the claim or defense – in favor of dismissal.

Factors 2 and 3, prejudice to Defendants and history of dilatoriness, also favor dismissal. The March 30th Order recounts the numerous delays resulting from Plaintiff's lack of diligence. This case was filed in April 2024, and it has yet to clear the pleadings stage.

Factor 4, willfulness or bad faith, slightly favors dismissal.  While Plaintiff counsel's deficiencies do not appear to be intentional, a degree of culpability necessarily attaches.  Urgings by the Court and client notwithstanding, there have been "no signs of improvement.  If anything, things have gotten worse."  Doc. 45 at 5.

Last is factor 5, the potential effectiveness of alternative sanctions.  The Court has tried everything it can think of to get this case on track, and nothing has worked.  The Court lacks confidence that this case – even were it a "perfect" one – is likely to be prosecuted to a successful result.  In light of Plaintiff's silence, moreover, the Court cannot discern whether it even opposes dismissal.  If Plaintiff has decided not to resist, the most efficient and cost-effective course was not to respond.

In light of the foregoing, Plaintiff's claims are **DISMISSED**.  For the same reasons stated above, particularly factors 1, 2, 3 and 5, the dismissal is **WITH PREJUDICE**.

Finally, the Court does not know whether Counterclaim Plaintiffs intend to proceed with their claims, now that Plaintiff's claims have been dismissed.  If so, by **April 13, 2026**, they must make an appropriate filing regarding Plaintiff's failure to plead or otherwise respond to the Counterclaims.  If no filing is forthcoming, counsel should contact Chambers (412.208.7460) and so advise.  If no such contact is made, or if the Counterclaim Plaintiffs do not make a timely filing, their claims – too – will be dismissed, and the case will be marked closed.

IT IS SO ORDERED.


April 8, 2026                                                          s/Cathy Bissoon
                                                                      Cathy Bissoon
                                                                      Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record

2